IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.L. SPOONS, INC., et al., ) | |
| ) | Case Nos.    1:98-CV-02857 |
| Plaintiffs, ) | 1:04-CV-00314 |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| KENNETH MORCKEL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |

Plaintiffs, a group of club owners, seek to bar the enforcement of Ohio Administrative Code § 4301:1-1-52 ("Rule 52"), as both a violation of their First Amendment rights to free expression, and as unconstitutionally vague and overbroad. Defendants include the Ohio Liquor Control Commission, the Ohio Department of Public Safety, and four individuals named in their official capacities as officers of those state agencies (collectively, "the State"). On April 1, 2004, this court issued a preliminary injunction against the enforcement of the challenged sections of Rule 52, finding that the club owners had demonstrated a substantial likelihood of success on their overbreadth claims [Docket No. 26].

On June 28, 2004, the court held a hearing on the issue of permanent injunctive relief. At that proceeding, the State presented the testimony of one additional witness and argued that it would not be proper to extend the injunction now in force. On July 14, 2004, the court denied the State's motion for additional hearing time on the issue. After consideration of the State's additional evidence and authorities cited by the parties, the court grants the club owners request for a

permanent injunction, declares §§ (A)(2), (B)(2) and (B)(3) of Rule 52 unconstitutionally overbroad, and permanently enjoins their enforcement.

## I.     Background

This action represents the latest challenge to a series of efforts by the State and its agents to craft regulations limiting the display of nudity and sexual behavior in liquor-serving establishments. This court has previously invalidated portions of Rule 52 as unconstitutional. *See J.L. Spoons, Inc. v. City of Brunswick*, 181 F.R.D. 354 (N.D. Ohio 1998) ("*Spoons I*"); *J.L. Spoons, Inc. v. O'Connor*, 190 F.R.D. 433 (N.D. Ohio 1999) (granting preliminary injunction) ("*Spoons II*") and *J.L. Spoons, Inc. v. O'Connor*, 194 F.R.D. 589 (N.D. Ohio 2000) (converting preliminary injunction into permanent injunction) ("*Spoons III*").  The club owners bring this action to challenge the constitutionality of a newly-enacted version of Rule 52.

The club owners challenge sections (A)(2), (B)(2), and (B)(3) of new Rule 52, which read as follows:

> (A) Definitions as used i[n] this rule:
>
>> (2) "Nudity" means the showing of the human male or female genital, pubic area or buttocks with less than a fully opaque covering; the showing of the female breast with less than a fully opaque covering of any part of the nipple and/or areola; the exposure of any device, costume, or covering which gives the appearance of or simulates the genitals, pubic hair, natal cleft, perineum anal region or pubic hair region; or the exposure of any device worn as a cover over the nipples and/or areola of the female breast, which device simulates and gives the realistic appearance of the nipples and/or areola.
>
> (B) Prohibited activities: no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to:

>> (2) Appear in a state of nudity;
>
> (3) Engage in sexual activity as said term is defined in Chapter 2907 of the Revised Code;

OHIO ADMIN. CODE § 4301:1-1-52 (2004).

Ohio law defines "sexual activity" as "sexual conduct or sexual contact, or both." OHIO REV. CODE § 2907.01(C) (2006). "Sexual conduct" is defined as:

> . . . vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

*Id.* § 2907(A). "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." *Id.* § 2907(B).

As in the previous action, the club owners contend that these provisions are unconstitutional under the First and Fourteenth Amendments to the United States Constitution, both as applied to the plaintiffs' establishments, and facially as impermissibly overbroad. As in the previous action, the club owners seek an injunction against the enforcement of the challenged provisions.

## II. Discussion

In determining whether to issue a permanent injunction, the court must consider (1) whether the movant is actually successful on the merits, (2) whether the movant would suffer continuing irreparable injury for which there is no adequate remedy at law if the court fails to issue the injunction, (3) whether the injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuance of the injunction. *United States v. Szoka*, 260 F.3d 516,

523 (6th Cir. 2001) (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir.1998); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir.1997)).

On the question of success on the merits, the court adopts its previous discussion of the overbreadth of §§ (A)(2), (B)(2) and (B)(3) of Rule 52 under the rubric of *Triplett Grille, Inc. v. City of Akron*, 40 F.3d 129 (6th Cir. 1994), in its order granting the preliminary injunction, noting that the provisions challenged in the instant action are in many ways broader than the provisions rejected by the court as constitutionally overbroad in the previous action, and finding that the currently challenged sections are constitutionally overbroad. The State has pointed to no authority that modifies the overbreadth approach taken in *Triplett Grille*, while a recent Sixth Circuit case cited by both parties support the court's previous overbreadth analysis in its preliminary injunction order. *Odle v. Decatur County, Tenn.*, 421 F.3d 386, 392-99 (6th Cir. 2005).

Because of the club owners success on the constitutional merits of their claim, the court also finds that failure to issue the permanent injunction would cause continuing irreparable harm. As the court has previously found, the denial of constitutional rights has been held by numerous federal courts, including the Supreme Court, to constitute irreparable harm. Specifically, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). It follows, as a matter of law, that the club owners will suffer continuing irreparable harm if the State and its agents are not enjoined from enforcing the challenged sections of Rule 52, and that the club owners possess no adequate remedy at law for this irreparable harm. The court also finds that the State will not suffer any appreciable amount of harm if it is enjoined from enforcing the pertinent sections of Rule 52. Therefore, the

third factor considered regarding the issuance of a permanent injunction favors the plaintiffs. It is also in the public interest to prevent the enforcement of unconstitutional laws and to vindicate constitutional rights. The court therefore finds that the public interest would be served by a permanent injunction.

For the reasons explained in the preliminary injunction ruling, the court cannot sever the unconstitutional language from the regulation, but limits the injunction to the challenged sections of Rule 52. However, because the court has found that §§ (A)(2), (B)(2), and (B)(3) of Rule 52 are unconstitutionally overbroad, the club owners may assert the First Amendment rights of parties not before the court; the court's entry of an injunction therefore means that "any enforcement [of the challenged sections] is totally forbidden." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).

### III. Conclusion

For the foregoing reasons, and for the reasons stated in the preliminary injunction order, the court:

> (1) converts the preliminary injunction into a permanent injunction;
>
> (2) declares the following portions of Ohio Administrative Code § 4301:1-1-52 unconstitutional:  §§ (A)(2), (B)(2), and (B)(3);
>
> (3) permanently enjoins the enforcement of §§ (A)(2), (B)(2), and (B)(3) anywhere in the state of Ohio; and
>
> (4) enters final judgment in favor of the plaintiffs.

This order is final and appealable.

IT IS SO ORDERED.

                                        /s/Ann Aldrich
                                        ANN ALDRICH
                                        UNITED STATES DISTRICT JUDGE

**Dated: January 3, 2007**