UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.L. SPOONS, INC., et al., ) | |
| ) | Case No. 1:04-CV-0314 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| CATHY COLLINS-TAYLOR, *Director, Ohio* ) | |
| *Department of Public Safety*, et al., ) | |
| ) | MEMORANDUM AND ORDER |
| Defendants. ) | |
| ) | |

Before the court is plaintiffs' motion for a temporary restraining order and preliminary injunction [dkt. 61]. For the following reasons, however, the Sixth Circuit's decision in this case left no remaining issues for this court to decide. Accordingly, plaintiffs' motion [dkt. 61] is denied and the case is closed.

**I. BACKGROUND**

On February 17, 2004 plaintiffs J.L. Spoons, *et al.*, filed a complaint seeking to enjoin the state of Ohio from enforcing sections (A)(2), (B)(2), and (B)(3) of Ohio Administrative Code 4301:1-1-52 (also known as Rule 52). Rule 52 prohibits the display of nudity and sexual behavior at establishments operating with a state liquor license.[1]

---

[1] Ohio Administrative Code 4301:1-1-52:
(A) Definitions as used in this rule:
  (2) "Nudity" means the showing of the human male or female genital, pubic area or buttocks with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple and/or areola; the exposure of any device, costume, or covering which gives the appearance of or simulates the genitals, pubic hair, natal cleft, perineum, anal region, or pubic hair region; or the exposure of any device worn as a cover over the nipples and/or areola of the female breast, which device simulates and gives the realistic appearance of the nipples and/or areola.
(B) Prohibited activities: no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to:
    (2) Appear in a state of nudity;
    (3) Engage in sexual activity as said term is defined in ORC Chapter 2907.

Sexual activity means "sexual conduct or sexual contact, or both." ORC Chapter 2907. The Ohio Revised Code defines "sexual conduct" as:
  vaginal intercourse between a male and female, anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however

On February 18, 2004, the court granted plaintiffs' motion for a TRO [dkt. 12]; the court subsequently granted a preliminary injunction [dkt. 26], and then, on January 3, 2007, permanently enjoyed the enforcement of Rule 52 as unconstitutionally overbroad on its face [dkt. 44].

On August 15, 2008, the Sixth Circuit reversed Judge Aldrich's finding that Ohio Rule 52 was unconstitutional on its face. *J.L. Spoons, Inc. v. Dragani*, 538 F.3d 379, 382 (6th Cir. 2008). The mandate was stayed pending a petition for certiorari before the Supreme Court.

On October 14, 2009 the Supreme Court denied plaintiffs' petition for certiorari [dkt. 64] and the Sixth Circuit issued its mandate [dkt. 65]. Later the same day, plaintiffs filed a new motion for a temporary restraining order and preliminary injunction, asking the court to find Rule 52 unconstitutional *as applied* [dkt. 61]. The as applied challenge was not resolved by Judge Aldrich because she found the rule to be *facially* unconstitutional on overbreadth grounds [*see* dkt. 44, at 16]. The parties requested a status conference with the court, which was held on November 10, 2009 before Judge Aldrich [dkt. 69]. The court ordered additional briefing on the as applied challenge, which is now complete [*see* dkts. 61, 71, 73]. The court, with the agreement of the parties, stayed the enforcement of Rule 52 pending review of the new motion. Following Judge Aldrich's death on May 2, 2010, this case was reassigned to my docket.

In a May 12, 2010 telephone conference, the court advised counsel of its tentative conclusion that the Sixth Circuit decision foreclosed any further challenge by plaintiffs to Rule 52. The court scheduled a hearing for June 24, 2010 to give the parties a full opportunity to be heard.

During the hearing the parties addressed plaintiffs' as applied challenge. In addition, plaintiffs raised for the first time the argument that the recent Supreme Court decision in *United States v. Stevens*, 130, S.Ct. 1577 (2010) allows for a renewed overbreadth challenge to Rule 52 because the case

---

slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

"Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." ORC Chapter 2907.

constitutes new binding precedent that is an exception to the law-of-the-case doctrine. The court ordered additional briefing on the effect of the *Stevens* decision [dkt. 79, 80, 81].

**II.  ANALYSIS**

    **A.  Plaintiffs'** *As Applied* **Challenge**

Plaintiffs seek "resolution of their as-applied challenge, left unresolved by this court." [dkt. 61]. While Judge Aldrich did not rule on the as-applied challenge, the Sixth Circuit left no room for such a challenge to go forward.

On appeal, the Sixth Circuit found that "Rule 52 is a constitutional, content-neutral regulation of the undesirable secondary effects, including prostitution, drug trafficking, and assault, associated with nude dancing in an environment serving alcohol. It is not overbroad." *J.L. Spoons, Inc. v. Dragani*, 538 F.3d 379, 382 (6th Cir. 2008). The opinion made clear that Rule 52 is also constitutional *as applied* to the plaintiffs because the Sixth Circuit considered the same evidence that was presented to the district court at the preliminary injunction hearing regarding the secondary effects of plaintiffs' nude-dancing establishments. The Sixth Circuit summarized the evidence presented by both sides on the secondary effects issue, including the testimony of Bruce Taylor, Esq., Dr. Judith Hanna, Ph.D., Dr. Daniel Linz, Ph.D., and Scott Pohlman of the Ohio Department of Safety. While the Sixth Circuit did not expressly weigh any of this evidence, it found a sufficient nexus between nude-dancing, alcohol, and the undesirable secondary effects alleged by the Ohio Department of Safety: prostitution, drug trafficking, and assault. The Sixth Circuit held that Rule 52 was constitutional because it applied to plaintiffs' strip clubs and not to "contact done in furtherance of legitimate works of art for the purposes of conveying artistic meaning."[2] *Id*. at 384. In other words, the Rule would not apply to a performance of *Equus* at the Cleveland Playhouse (which has a liquor license).

Accordingly, while the Sixth Circuit only dealt expressly with the facial constitutional challenge, it did so in a way that foreclosed an *as applied* challenge by strip club owners such as plaintiffs. Judge

---

[2] This is because by definition, prohibited sexual contact must be "for the purpose of sexually arousing or gratifying either person." ORC Chapter 2907.

-3-

Cole's dissent makes this quite clear:

> [T]here is little question, nor do the plaintiffs even dispute, that Rule 52 *as applied* to nude-dancing establishments would be constitutional. But the question on appeal - indeed the *only* question before us - is whether Rule 52, as written, unnecessarily infringes upon First Amendment freedoms outside of the permissible regulation of nude-dancing establishments.

*Spoons*, 538 F.3d at 387 (emphasis original).

It is notable that the Sixth Circuit reversed but did not remand the case to the district court. It was clear from Judge Aldrich's orders and the parties' appellate briefs that Judge Aldrich did not address plaintiffs' *as applied* challenge; if the Sixth Circuit thought there was any need for her to do so, it would have remanded the case. Plaintiffs' strip clubs are the exact type of establishment contemplated by the Ohio Liquor Control Commission when it adopted Rule 52. The Sixth Circuit found that Rule 52 was constitutional as applied to the conduct in plaintiffs' clubs. Accordingly, plaintiffs' new motion for a TRO based on an *as applied* challenge must be denied.

### B. Plaintiffs' Renewed *Overbreadth* Challenge

Plaintiffs urge this court to reconsider its overbreadth challenge to Rule 52 on the basis of the recent Supreme Court decision in *United States v. Stevens*, 130 S.Ct. 1577 (2010). The Court in *Stevens* found that a federal statute criminalizing the commercial creation, sale, or possession of certain depictions of animal cruelty was unconstitutionally overbroad. *Id*. However, because *Stevens* was based on "existing doctrine," *id*. at 1586, and did not develop or announce new law, this court finds that the matter has already been decided by the Sixth Circuit.

Law-of-the-case principles serve to "maintain consistency and avoid reconsideration of matters once decided." Wright, Miller & Cooper, *Federal Practice & Procedure* § 4478, n. 7. Unlike the doctrines or res judicata and collateral estoppel, the law of the case, "merely expresses the practice of the courts generally to refuse to reopen what has been decided." *Schwartz v. Chen*, 142 F.Supp.2d 325, 329 (E.D.N.Y. 2001) (internal citations omitted). When an issue of law has been decided through the course of litigation, "that decision should continue to govern the same issues in subsequent stages in the same case." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

There are three exceptional circumstances under which a court will reconsider a previously decided issue: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Westside Mothers*, 454 F.3d at 538.

Here, plaintiffs argue that the *Stevens* decision would require a finding that Rule 52 is unconstitutionally overbroad. However, the Court in *Stevens* set forth no "contrary view of the law" nor made any material changes to the evaluation of overbreadth challenges. Accordingly, this court declines to allow the parties to re-litigate a matter already decided by the Sixth Circuit.

### III.  CONCLUSION

For the foregoing reasons, plaintiffs' claims are dismissed, the stay of the enforcement of Rule 52 issued is lifted, and the case is closed. The Court will stay the enforcement of Rule 52 until September 8, 2010 at 4:00 p.m. to permit plaintiffs to seek relief, including a stay, from the Sixth Circuit.

IT IS SO ORDERED.

*/s/Dan Aaron Polster*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

**Dated:** *August 26, 2010*